UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DARREL PATTON,

                     Plaintiff,

   -against-

THE CITY OF NEW YORK, P.O. EMMANUEL
DELACRUZ, SGT. CARLOS MEDINA, SGT.
JOSEPH MAURO, JOHN AND JANE DOES, ET AL.[1],

                     Defendants.
------------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

Jury Trial

15 CV 9806 (PAE)

      Plaintiff DARREL PATTON (hereinafter "Plaintiff") by and through his attorneys, Robert Blossner, Esq., and Vik Pawar, Esq., respectfully alleges as follows:

### PRELIMINARY STATEMENT

      1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

### JURISDICTION

      2.    The action is brought pursuant to 42 U.S.C. §§1983, and 1988, and the Fourth and Fourteenth Amendments to the United States and New York Constitutions.

      3.    Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

---

[1] Despite repeated requests and due diligence, plaintiff has been unable to ascertain the identities of other individuals present at the scene.

**VENUE**

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

**PARTIES**

6. Plaintiff is a citizen of the United States, and at all relevant time resident in the County of New York, State of New York.

7. Defendant City of New York is a municipal corporation. The individually named Defendants and John and Jane Does are officers with the NYPD. They are sued in their individual, supervisory and official capacities.

**FACTS**

8. On May 9, 2013, around noon, plaintiff was driving back from a hooding ceremony for his female companion and passenger.

9. At the intersection of 159th street and Melrose avenue, plaintiff made an u-turn to get to a restaurant so that he and his companion could use a bathroom. Plaintiff was unaware that a sign posted stated "no u-turn."

10. As soon as plaintiff made the turn, he was pulled over by a marked police car.

11. Plaintiff sat in his car as the defendant Delacruz allowed his companion to go use the bathroom.

12. When plaintiff asked if he could go use the bathroom, his requests were spurned by the defendant Delacruz.

13. After checking plaintiff's licenses, defendant asked plaintiff to get out of the car.

14. Plaintiff inquired what he had done wrong, but was simply told to put his hands behind his back. At this point other cars arrived on the scene with other named and yet to be named defendants.

15. When plaintiff requested if he could give his personal effects to his companion, defendants grabbed plaintiff by his neck and threw him to the ground.

16. Defendants then placed their knees on plaintiff's shoulders blades and started to yank his hands behind his back.

17. However, plaintiff was physically unable to do so because the pressure on his shoulder blades prevented his arms from being placed behind his back.

18. Defendant officers punched and kicked plaintiff and then put their knees on his neck and yanked his hands behind his back and handcuffed him.

19. Throughout this ordeal, plaintiff never resisted arrest nor did any of the officers standing by intervened to stop the further assault on plaintiff.

20. Plaintiff was tightly handcuffed, his legs shackled and then dragged to the precinct where he was denied medical treatment for his injuries for over 9 hours.

21. When plaintiff was brought before the Court, he pled guilty to a suspended license was released and then he sought medical treatment for his injuries.

## AS AND FOR A FIRST CAUSE OF ACTION
(Excessive use of force-Fourth Amendment)

22. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

23. Plaintiff was beaten, kicked, punched, assaulted and bruised and battered without any justification.

24. Plaintiff was tightly handcuffed on his hands and shackled by his feet which caused him excruciating pain.

25. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from excessive force was violated and he sustained injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under 14th Amendment-Due Process against All defendants)

26. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

27. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

28. As a result of the foregoing, Plaintiff was deprived of his liberty and property interests and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene)

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

1. Defendants John and Jane Does witnessed the assault on plaintiff.

2. Despite witnessing the alleged assault on plaintiff, defendants failed to intervene.

3. Defendants had ample opportunity to stop the further assault on plaintiff but yet simply stood there and allowed plaintiff to be further assaulted.

4. As a result of defendants' conduct, plaintiff suffered injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Deliberate Indifference to Medical Needs)

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

46. Defendants assaulted plaintiff and inflicted injuries upon plaintiff.

47. As a result of this assault, plaintiff suffered painful and excruciating ordeal from these injuries.

48. Plaintiff requested medical treatment to alleviate his pain.

49. Defendants ignored plaintiff's pleas and furthered his agony.

50. As a result, plaintiff suffered needless and further pain because of defendants' deliberate indifference to his injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability)

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

52. The Defendant supervisors had the supervisory duty and opportunity to control their sub-ordinates.

53. Instead through their own actions and inaction, defendant supervisors allowed the assault on plaintiff to continue and failed to take disciplinary measures against their sub-ordinates.

54. As a result, plaintiff suffered injuries and therefore they are liable under the theory of supervisory liability.

## AS AND FOR A SIXTH CAUSE OF ACTION
(*Monell* Liability)

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

56. The City of New York through the NYPD and its officers has failed to train or re-train and discipline the individuals when it comes to arresting suspects. More specifically, the NYPD fails to note that individual officers often arrest suspects by placing their knees squarely on the shoulder blades of suspects. This maneuver prevents the suspects from placing their arms behind their backs and results in unnecessary pain to the suspect and leads the officers to believe that the suspect is resisting arrest. This failure to train directly resulted in plaintiff being forced to endure unnecessary and cruel pain.

57. Furthermore, the NYPD has recognized that many individual officers charge suspects with "resisting arrest" specially when they use force in arresting the suspect. They obtain this leverage by adding another charge against the suspect and to justify their use of force down the road. The NYPD has sought to curb this practice but has failed to sufficiently train or discipline its officers. This deliberate indifference by the City through the NYPD to fail to address this common situation faced by the individual officers and failure to train/re-train or discipline them resulted in the violations of plaintiff's civil rights.

58. As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

**WHEREFORE,** the Plaintiff requests that this Court:

    a. Award compensatory damages to the Plaintiff against the Defendants, jointly and severally, in an amount of Two Hundred Thousand Dollars for each cause of action;

    b. Award expenses and costs of this action to the Plaintiff;

    c. Award reasonable attorneys fees to the Plaintiff under 42 U.S.C. Section 1988 and/or any other applicable laws;

    d. Award punitive damages as determined by the jury;

    e. Award such other and further relief as this Court may deem appropriate.


Dated: New York, New York
       April 25, 2016

                                              PAWAR LAW GROUP P.C.
                                              20 Vesey Street, Suite 1210
                                              New York, New York 10007
                                              (212) 571-0805

                                              By:/s
                                                  Robert Blossner (RB0526)
                                                  Vik Pawar (VP9101)
                                                  *Attorneys for Plaintiff*